## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **ANTHONY CESAREO,** | **Civil Action No. 2:25-00632 (JKS) (CLW)** |
| **Plaintiffs,** | |
| **PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al.** | **LETTER OPINION** |
| **Defendants.** | |

### CATHY L. WALDOR, U.S.M.J.

This comes before the Court upon *pro se* Plaintiff's Motions for a Preliminary Injunction and Protective Order, or alternatively, to File Under Seal. (ECF Nos. 28 & 31). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court considers Plaintiff's application without oral argument. Upon careful consideration of the record for this matter, and for the reasons stated below, Plaintiff's Motions are **DENIED.**

**WHEREAS** Plaintiff moves for a preliminary injunction for an order to enjoin Defendants from continuing his suspension of employment without notice; to reinstate his employment with pay pending disciplinary proceedings; to compel investigative records; and to enjoin the Union Defendants from further interference, retaliation, or obstruction of his employment. (Preliminary Injunction Motion at 1 & 4, ECF No. 28). Plaintiff contends that he was not provided a formal statement of charges, a notice of hearing, or access to any investigative records. (*Id.*; *see also* Plaintiff Letter Requesting Defendants to Produce Documents and Supplemental Declaration, ECF Nos. 29 & 30). Plaintiff avers that by invoking this suspension, Defendants are retaliating against him for protected whistleblower activity wherein Plaintiff alleges that he disclosed union

favoritism, bid rigging, and workplace retaliation. (*Id.* at 2). Plaintiff alleges that he has sought to contact agency representatives regarding the investigative materials with on success and he is unable to "defend himself, in violation of his constitutional and contractual rights." (*Id.*). As such, Plaintiff asserts that he is likely to succeed on the merits due to a demonstrated absence of due process for his suspension, that he suffers irreparable harm absent injunctive relief because he is suspended from his employment without pay and with irreparable reputational harm, the balance of the equities weigh in his favor because he seeks the opportunity to defend himself without stigma or coercion, and that the public interest supports injunctive relief to protect whistleblowers from agency action without due process. (*Id.* at 3–4); and

**WHEREAS** a "[p]reliminary injuncti[on] . . . is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The Plaintiff bears the burden of establishing likelihood of success on the merits, the likelihood of suffering irreparable harm in the absence of injunctive relief, that the balance of the equities tips in his favor, and that the injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). "A plaintiff's failure to establish any element in [his] favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. VitMar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999); and

**WHEREAS** typically, the function of the preliminary injunction is to "merely preserve the relative positions of the parties until a trial on the merits can be held." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quotations omitted). But when "the relief ordered by the preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction."

*Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008)). Thus, by seeking reinstatement of his employment, Plaintiff asks this court to alter the status quo; and

     **WHEREAS** Plaintiff takes the position that his suspension is clear evidence of retaliation in connection with his claimed whistleblower activities.  (Preliminary Injunction Motion at 3, ECF No. 28).  To that end, Plaintiff contends that his suspension without a formal statement of charges or access to records infringes on his constitutional rights to due process.  (*Id*. at 1; Supplemental Declaration ¶¶ 4–9, ECF No. 29; Supplemental Statement at 1–3, ECF No. 30).  As this Court has previously acknowledged, Plaintiff offers no evidence that without this Court's issuance of a preliminary injunction—an extraordinary remedy—the Court will not be able to provide him with meaningful relief.  (*See* May 8, 2025 Opinion at 3, ECF No. 23; *see also* ECF No. 27).  What is more, Plaintiff has an avenue to contest his suspension through the internal exhaustion process. (*See* Ex. 1 to Motion for Temporary Restraining Order, ECF No. 22-1 ("Going forward, if you believe that your rights under the EEO Policy and/or related policies are being violated OR that you are being retaliated against, please feel free to contact [Port Authority EEO].").  The Court has construed all of the facts asserted in Plaintiff's favor and finds that they do not demonstrate a likelihood of success on the merits to warrant the extraordinary remedy of a preliminary injunction; and

     **WHEREAS** the Court finds that Plaintiff has not sufficiently established that he will suffer irreparable harm in the absence of injunctive relief.  The harm Plaintiff suffered as a result of his employment suspension without pay is economic nature.  Courts in the Third Circuit have long found that economic injuries related to one's employment do not constitute irreparable harm.  *See, e.g., Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009); *In re*

*Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1145 (3d Cir.1982) ("[W]e have never upheld an injunction where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law."); *see also Singh v. School Dist. of Philadelphia*, 2010 WL 3220336, No. 10-cv-2028, at *6 (E.D. Pa. Aug. 11, 2010) (a tenured public school teacher whose employment was terminated suffered an economic injury that did not constitute irreparable harm); *Moteles v. Univ. of Pa.*, 730 F.2d 913, 919 (3d Cir. 1984) ("[A] discharge from employment with all of its attendant difficulties is not irreparable injury"); *cf. Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("[A] temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury."). Additionally, "'damage to [a plaintiff's] name and reputation' is typically insufficient to require a grant of injunctive relief where a plaintiff is 'merely impaired' rather than 'potentially barred' from obtaining employment in his field, causing 'extreme deprivation.'" *Kadem-Ouaffo v. Task Mgmt. Inc.*, Fed. Appx. 218, 222 (3d Cir. 2019) (quoting *Morton v. Beyer*, 822 F.2d 364, 372 n.13 (3d Cir. 1987)). Accordingly, this Court need not address the remaining factors having found that Plaintiff cannot establish a likelihood of success on the merits, nor irreparable harm in the absence of injunctive relief. *Nutrasweet Co.*, 176 F.3d at 153; and

**WHEREAS** in his second Motion, Plaintiff seeks a protective order or, alternatively, permission to file under certain exhibits seal. (Motion For Protective Order at 1, ECF No. 31). Plaintiff attests that he submitted declarations detailing retaliatory actions and harassment, "evidence of nighttime surveillance at his home," "photos of vehicles believed to be connected with individuals involved in these efforts," as well as transcripts of discussions with coworkers and witnesses. (*Id.*, at 2). Plaintiff thus avers good cause for a protective order exists to protect his own safety, ensure witness cooperation, and asserts that the presumption of public access is rebutted given the nature of this employment case and safety concerns. (*Id.*); and

**WHEREAS** a District Court may enter a protective order to prevent a party "from annoyance, embarrassment, oppression, or undue burden or expense" pursuant to Federal Rule of Civil Procedure 26(c). Protective orders are "intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). The party seeking the protective order bears "[t]he burden of justifying the confidentiality of each and every document sought to be" sealed. *Id.* at 786–87. The District Court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." *Id.* at 787. The movant "must demonstrate that 'good cause' exists for the order." *Id.* at 786 (quoting Fed. R. Civ. P. 26(c)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id*. Some factors courts may consider are whether: (1) disclosure would violate any privacy interests; (2) the information being sought is for an illegitimate or improper purpose; (3) the information will cause a party a particularly serious embarrassment; (4) confidentiality is being sought over information important to public health and safety; (5) the sharing of information among litigants will promote fairness and efficiency; (6) the party benefitting from the confidentiality order is a public or private entity; and (7) the case involves issues important to the public. *Id*. at 787–91; and

**WHEREAS** the Court finds that Plaintiff does not establish good cause for a blanket protective order or for any of the exhibits individually submitted with his Motion for a Protective Order. For each and every exhibit, (ECF Nos. 31-1, 31-2, and 31-3, 32-1, 32-2, and 32-3), Plaintiff submits that it is evidence of ongoing retaliation that should not be publicly disclosed to protect his physical and procedural safety. (Motion for a Protective Order at 1–2, ECF No. 31). Plaintiff's

asserted harm is broad, sweeping, conclusory, and inarticulate. *Pansy*, 23 F.3d at 786. Standing alone, they are insufficient to establish good cause for a protective order. Furthermore, a protective order under Rule 26(c) is premature at this juncture. The Rule is intended to prevent a party from disclosing otherwise discoverable information to a party's adversary in the event the disclosure would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). By seeking to privately submit evidence on the docket because individuals involved in this lawsuit have political or law enforcement affiliations, (Dec. of Anthony Cesareo at ¶ 15, ECF No. 32-1), Plaintiff's motion misinterprets the purpose of this Rule. No defendant has yet filed an answer in this case, and discovery has not commenced. Accordingly, the Court does not find a protective order in accordance with Rule 26(c) warranted at this point in the litigation; and

**WHEREAS** "[a]nalytically distinct from the District Court's ability to protect discovery materials under Rule 26(c), the common law presumes that the public has a right of access to judicial materials. In both criminal and civil cases, a common law right of access attaches to judicial proceedings and records." *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). This presumption, however, is not absolute. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). To overcome the presumption of public access, the District Court must articulate "the compelling, countervailing interests to be protected," make "specific findings on the record concerning the effects of disclosure," and "provide[ ] an opportunity for interested third parties to be heard." *In re Cendant Corp.*, 260 F.3d at 194 (emphasis omitted). "In delineating the injury to be prevented, specificity is essential." *Id*. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id*. "[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the

6

secrecy interests of private litigants." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993); and

**WHEREAS** in the United States District Court for the District of New Jersey, all motions to restrict public access to civil proceedings and documents are also subject to Local Civil Rule 5.3. The Judges in this District developed that Rule as a means of ensuring that parties provide the information necessary for the Court to evaluate the interests described above and, in turn, to determine whether sealing is appropriate. In addition to imposing certain procedural requirements (e.g., the provision of proposed findings of fact and conclusions of law), Local Civil Rule 5.3 requires the movant to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; (d) why a less restrictive alternative to the relief sought is not available; (e) any prior order sealing the same materials in the pending action; and (f) the identity of any party or nonparty known to be objecting to the sealing request. L. Civ. R. 5.3(c)(iii). The Rule further requires that the movant submit an appendix cataloging every proposed limitation on public access and, for each one, addressing the six factors listed in section (c)(iii); and

**WHEREAS** evaluating Plaintiff's application under this framework, the Court finds it wholly insufficient. While the Court is mindful of Plaintiff's pro se status and construes his filings liberally, *see Zimmermann v. United States National Labor Relations Board*, 749 Fed. Appx. 148, 149 (3d Cir. 2019), the Court will not make the arguments for him. Plaintiff's alternative Motion to File Under Seal does not address the requirements of the Local Rule, nor does it articulate a specific harm sufficient to rebut the presumption of public disclosure. Furthermore, Plaintiff's

blanket application to wholly seal certain filings are excessive and the Court finds that there are least restrictive avenues Plaintiff can take to prevent disclosure of certain information.

Accordingly, Plaintiff's Motion for a Preliminary Injunction (ECF No. 28) is **DENIED**, and Plaintiff's Motion for a Protective Order or, alternatively, to File Under Seal, (ECF No. 31), is **DENIED without prejudice**.  An appropriate order follows.

**s/ Cathy L. Waldor**
**Hon. Cathy L. Waldor, U.S.M.J.**


cc:    Hon. Jamal K. Semper, U.S.D.J.