NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANTHONY CESAREO, <br><br> *Plaintiff,* <br><br> v. <br><br> PORT AUTHORITY OF NEW YORK AND NEW JERSEY, et al., <br><br> *Defendants*. | Civil Action No. 25-632 <br><br> **OPINION & ORDER** <br><br> June 30, 2026 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court upon a report and recommendation (ECF 77, "R&R") issued by Magistrate Judge Cari Fais regarding Plaintiff's Emergency Motion to Compel a *Loudermill* Hearing and Object to Unlawful Suspension During Medical Leave. (ECF 48, "Motion to Compel" or "MTC".) Judge Fais recommended that Plaintiff's MTC be denied. (*See* generally R&R.) Neither Plaintiff nor Defendants have objected to the R&R. This Court has carefully reviewed Judge Fais's R&R, and for the reasons stated therein and set forth below, adopts the R&R and **DENIES** Plaintiff's MTC.

**WHEREAS** this action stems from a suspension letter (the "Letter") Plaintiff alleges he received from the Port Authority of New York and New Jersey ("Defendant") on May 27, 2025, while on medical leave, informing him that he was suspended without pay. (ECF 48-2; R&R at 2.) The Letter also informed Plaintiff that he would soon be served with disciplinary charges and that a disciplinary hearing would be held at a later date and time. (*Id.*) Plaintiff requests that the

1

Court (1) compel Defendant to conduct a *Loudermill* hearing upon his medical clearance; (2) declare the May 7, 2025 suspension invalid, and (3) enjoin Defendant from taking any disciplinary actions against him until he is medically cleared and provided with "full constitutional and contractual due process." (MTC at 3; R&R at 2.)  Plaintiff alleges he did not receive notice or a hearing prior to being suspended, (*id.* at 1–2.); and

**WHEREAS** when a magistrate judge addresses dispositive issues, such as injunctive relief, the magistrate judge submits a report and recommendation to the district court.  28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); L. Civ. R. 72.1(a)(2).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2).  On dispositive issues, the district court must make a *de novo* determination of the portions of the magistrate judge's report and recommendation to which a litigant has filed objections.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).  In this case, neither party has filed an objection to the R&R.  Thus, this Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; *Carr v. County of Essex*, 2025 WL 3617732, at *1 (D.N.J. Dec. 12, 2025); *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)  ("While this statutory provision [28 U.S.C. § 636(b)(1)(C)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report.") (internal citation omitted); and

**WHEREAS** Judge Fais properly construed the MTC as a motion for a preliminary injunction, since Plaintiff's Motion to Compel seeks injunctive relief requiring Defendant to offer him a *Loudermill* hearing and preventing Defendant from taking further disciplinary actions against him.  (MTC at 3); *see Abulkhair v. United States Postal Serv.*, No. 13-7796, 2015 WL 10937033, at *1 (D.N.J. Feb. 19, 2015) (construing a pro se plaintiff's motion to compel as one seeking injunctive relief since it required the defendants to deliver his check for social security benefits); *Harrison v. Little*, No. 22-0105, 2022 WL 22680254, at *1 (W.D. Pa. Nov. 2, 2022) (construing a pro se plaintiff's motions to compel as motions for preliminary injunctions).  In determining whether to grant a preliminary injunction, the Court considers whether the moving party has shown: (1) "a reasonable probability of eventual success in the litigation"; (2) " that it will be irreparably injured . . . if relief is not granted"; (3) "the possibility of harm to other interested persons from the grant or denial of the injunction"; and (4) that granting the preliminary relief will be in "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173,176 (3d Cir. 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)); and

**WHEREAS** Judge Fais determined Plaintiff failed to satisfy the requirements for preliminary injunctive relief because he did not show irreparable harm.  First, Plaintiff fails to make a "clear showing of immediate irreparable injury," *ECRI v. McGraw-Hill Inc.*, 809 F.2d 223, 226 (3d Cir. 1987), because, as this Court previously held in this case, "Plaintiff's generalized assertions of … procedural impropriety do not meet the high standard for a showing of irreparable harm set by Rule 65 for this Court to take the extraordinary measure of granting the relief Plaintiff seeks."  (Order, April 23, 2025, ECF No. 18); and

**WHEREAS** "[t]he irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages," *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484–85 (3d Cir. 2000), and Plaintiff has not asserted an injury that cannot be remedied by money damages. Generally, the "temporary loss of income … does not usually constitute irreparable injury." *Sampson v. Murray*, 415 US 61, 90 (1974); *see Beberman v. United States Dep't of State*, 675 Fed App'x 131, 134 (3d Cir. 2017). And, like termination, suspension from employment does not constitute irreparable harm. *See Morton v. Beyer*, 822 F.2d 364, 372–73 & n.13 (3d Cir. 1987) (loss of income and reputational damage resulting from suspension from a job are not "the type of injury necessary to invoke the injunctive power of the federal courts for interim relief"); and

**WHEREAS** having reviewed the R&R and the record for clear error, the Court finds none. Judge Fais correctly concluded that Plaintiff fails to make a clear showing of immediate and irreparable injury, and that Plaintiff's alleged injuries stemming from his suspension without pay can be remedied through monetary relief and therefore do not constitute irreparable harm warranting injunctive relief. For the foregoing reasons:

**IT IS** on this 30th day of June, 2026

**ORDERED** that this Court **ADOPTS** Judge Fais's R&R (ECF 77) in full; and it is further

**ORDERED** that Plaintiff's Motion to Compel (ECF 48) is **DENIED** for the reasons set forth in this Opinion.

**SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

4

Orig:  Clerk

cc:    Cari Fais, U.S.M.J.

       Parties

5